

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.  16-CR-140-V

JOSEPH LOMBARDO,

                  Defendant.

## PLEA AGREEMENT

The defendant, JOSEPH LOMBARDO, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

### I. THE PLEA AND POSSIBLE SENTENCE

1. The defendant agrees to waive indictment and plead guilty to a three count Information which charges:

    a. In Count 1, a violation of Title 18, United States Code, Section 2252A(a)(5)(B) [possession of child pornography], for which the maximum possible sentence is a term of imprisonment of 10 years, a fine of $250,000, a mandatory $100 special assessment and a term of supervised release of at least 5 years and up to life.

    b. In Count 2, a violation of Title 18, United States Code, Section 2252A(a)(2)(A) [receipt of child pornography], for which the mandatory minimum term of imprisonment is 5 years and the maximum possible sentence is a term of imprisonment of 20

years, a fine of $250,000, a mandatory $100 special assessment and a term of supervised release of at least 5 years and up to life.

   c. In Count 3, a violation of Title 18, United States Code, Section 2252A(a)(2)(A) [receipt of child pornography], for which the mandatory minimum term of imprisonment is 5 years and the maximum possible sentence is a term of imprisonment of 20 years, a fine of $250,000, a mandatory $100 special assessment and a term of supervised release of at least 5 years and up to life.

   d. The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing for each count.

  2. The defendant acknowledges that pursuant to Title 18, United States Code, Section 2259, the Court must order restitution for the full amount of the compensable losses of the victims, up to $50,000, as determined by the Court. The defendant understands that defendant will not be entitled to withdraw the pleas of guilty based upon any restitution amount ordered by the Court.

  3. The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 6 years, without credit for time previously served on supervised release, and if the defendant commits any criminal offense under Chapter 109A, 110 or 117, or Sections 1201 or 1591 of Title 18, United States Code, for which imprisonment for a term longer than 1 year can be imposed, the defendant

shall be sentenced to a term of imprisonment of not less than 5 years and up to life. As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in paragraph 1 of this agreement.

4. The defendant has been advised and understands that under the Sex Offender Registration and Notification Act, the defendant must register and keep registration current in all of the following jurisdictions: where the defendant resides; where the defendant is employed; and where the defendant is a student. The defendant understands the requirements for registration include providing the defendant's name, residence address, and the names and addresses of any places where the defendant is or will be an employee or student, among other information. The defendant further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which the defendant resides, is an employee, or is a student, not later than three (3) business days after, any change of the defendant's name, residence, employment, or student status. The defendant has been advised and understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, Title 18, United States Code, Section 2250, which is punishable by imprisonment, a fine, or both.

5. The defendant acknowledges that a conviction in this action may result in the defendant's civil commitment pursuant to 18 U.S.C. § 4248 as a sexually dangerous person. The defendant understands that a determination as to whether the defendant will be subject

to civil commitment will be made initially by the Attorney General or the Director of the Bureau of Prisons at the conclusion of the defendant's term of imprisonment and that the Court will make the final determination in a separate proceeding.

## II. ELEMENTS AND FACTUAL BASIS

6. The defendant understands the nature of the offenses set forth in paragraph 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

### Count 1

    a. the defendant knowingly possessed material that contained an image of child pornography, as defined in Title 18, United States Code, Section 2256(8);

    b. that such child pornography had been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer, or that was produced using materials that had been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer; and

    c. the defendant knew that such material contained child pornography.

### Counts 2 & 3

    a. the defendant knowingly received a visual depiction;

    b. the visual depiction had been shipped or transported using any means or facility of interstate or foreign commerce, or that had been shipped or transported in or affecting interstate or foreign commerce by any means, including by computer;

    c. the visual depiction contained child pornography, as defined in Title 18, United States Code, Section 2256(8); and

    d. the defendant knew that the visual depiction contained child pornography.

## FACTUAL BASIS

7.    The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

### Count 1

a.    From in or about April 2014, to on or about May 9, 2014, the defendant, while residing in the Western District of New York, knowingly possessed an image of child pornography, which was stored on his Apple MacBook Pro laptop computer, which was manufactured outside of the State of New York. The defendant obtained this image from a minor female (hereinafter "Victim 1").

b.    Specifically, sometime prior to April 2014, the defendant, posing as an individual by the name of "Chris Richardson," contacted Victim 1, a 15-year-old female, on Kik, a mobile internet-based messaging application. During their communications, the defendant received sexually explicit images of Victim 1, which depicted Victim 1 naked and focused on her breasts and vagina. The defendant was aware that Victim 1 was a minor at the time he received the images. After receiving the images, the defendant, utilizing the alias "Dan" met with Victim 1 and engaged in sexual activity on several occasions.

### Count 2

a.    On or about August 26, 2012, the defendant, while residing in the Western District of New York, knowingly received an image of child pornography. The defendant received this image from a minor female (hereinafter "Victim 2"), which was sent to the defendant via email.

b.    Specifically, in 2012, the defendant, posing as an individual by the name of "Chris Richardson," met Victim 2, a 13-year-old female, on meetme.com, an internet-based social networking website. On August 26, 2012, Victim 2 took a sexually explicit photograph of herself, which depicted Victim 2 naked and focused on her breasts and vagina, and sent the image to the defendant via email. The defendant was aware that Victim 2 was a minor at the time he received this image.

### Count 3

a. On or about September 15, 2012, the defendant, while residing in the Western District of New York, knowingly received an image of child pornography. The defendant received this image from a minor female (hereinafter "Victim 3"), which was sent to the defendant via email.

b. Specifically, in 2012, the defendant met a Victim 3, a 16-year-old female, on meetme.com. During their communications, the defendant requested that Victim 3 take sexually explicit photographs of herself and send them to the defendant. One of the images Victim 3 took and sent to the defendant on September 15, 2012, depicted Victim 3 standing naked in her bathroom with her finger touching her vagina. The defendant was aware that Victim 3 was a minor at the time she sent this image. Over the course of their relationship, the defendant and Victim 3 engaged in sexual activity on several occasions, and on at least one occasion the defendant took a video of Victim 3 performing oral sex on him.

### All Counts

a. On May 9, 2014, a search warrant was executed at the defendant's residence in Lancaster, New York, at which time the defendant's Apple MacBook Pro laptop computer, Apple iPhone, and Apple iPad were seized. A forensic examination of these computer devices revealed child pornographic images of Victim 1, Victim 2, and Victim 3, and other unknown individuals. In total, the defendant possessed approximately 120 images and 2 videos of child pornography.

### III. SENTENCING GUIDELINES

8. The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

## BASE OFFENSE LEVEL

9.   The government and the defendant agree that Guidelines § 2G2.2(a)(1) applies to the offense of conviction for Count 1 and provides for a base offense level of 18.

10.   The government and the defendant agree that, pursuant to Guidelines § 2G2.2(c)(1), the offense of conviction for Count 2 involved the causing, transporting, or permitting of a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, and therefore, Guidelines § 2G2.1(a) applies to the offense of conviction and provides for a base offense level of 32.

11.   The government and the defendant agree that, pursuant to Guidelines § 2G2.2(c)(1), the offense of conviction for Count 3 involved the causing, transporting, or permitting of a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, and therefore, Guidelines § 2G2.1(a) applies to the offense of conviction and provides for a base offense level of 32.

## SPECIFIC OFFENSE CHARACTERISTICS
## U.S.S.G. CHAPTER 2 ADJUSTMENTS

12.   The government and the defendant agree that the following specific offense characteristics do apply:

### Count 1

    a.   the five level increase pursuant to Guidelines § 2G2.2(b)(5) [defendant engaged in a pattern of sexual abuse of a minor];

    b.   the two level increase pursuant to Guidelines § 2G2.2(b)(6) [offense involved use of a computer]; and

7

  c. the three level increase pursuant to Guidelines § 2G2.2(b)(7)(B) [offense involved at least 150 but fewer than 300 images].

**Count 2**

  a. the two level increase pursuant to Guidelines § 2G2.1(b)(1)(B) [offense involved a minor who had not attained the age of 16 years]; and

  b. the two level increase pursuant to Guidelines § 2G2.1(b)(6)(B)(i) & (ii) [the offense involved the use of a computer to persuade, induce, and solicit participation by a minor to engage in sexually explicit conduct, and involved use of a computer to solicit participation with a minor in sexually explicit conduct].

**Count 3**

  a. the two level increase pursuant to Guidelines § 2G2.1(b)(2)(A) [offense involved the commission of a sexual act or sexual contact]; and

  b. the two level increase pursuant to Guidelines § 2G2.1(b)(6)(B)(i) & (ii) [the offense involved the use of a computer to persuade, induce, and solicit participation by a minor to engage in sexually explicit conduct, and involved use of a computer to solicit participation with a minor in sexually explicit conduct].

## ADJUSTED OFFENSE LEVEL

13. Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for Count 1 is 28.

14. Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for Count 2 is 36.

15.  Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for Count 3 is 36.

## COMBINED ADJUSTED OFFENSE LEVEL

16.  The government and the defendant agree that pursuant to Guideline §3D1.2(d), the offenses of conviction do not group together, and that pursuant to Guidelines 3D1.4, it is the understanding of the government and the defendant that the defendant's combined adjusted offense level is 39.

## ACCEPTANCE OF RESPONSIBILITY

17.  At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level downward adjustment of Guidelines § 3E1.1(a) (acceptance of responsibility) and further agrees to move the Court to apply the additional one (1) level downward adjustment of Guidelines § 3E1.1(b), which would result in a total offense level of 36.

## CRIMINAL HISTORY CATEGORY

18.  It is the understanding of the government and the defendant that the defendant's criminal history category is I. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the pleas of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

19.     It is the understanding of the government and the defendant that, with a total offense level of 36 and criminal history category of I, the defendant's sentencing range would be a term of imprisonment of 188 to 235 months, a fine of $20,000 to $200,000, and a period of supervised release of 5 years to life.  Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the minimum and maximum penalties set forth in paragraph 1 of this agreement.

20.     The government and the defendant agree to the correctness of the calculation of the Sentencing Guidelines range set forth above.  The government and the defendant, however, reserve the right to recommend a sentence outside the Sentencing Guidelines range as limited by the statutory minimum and maximum terms of imprisonment.  This paragraph reserves the right to the government and the defendant to bring to the attention of the Court all information deemed relevant to a determination of the proper sentence in this action.

21.     The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the pleas of guilty based on the sentence imposed by the Court.

## IV. STATUTE OF LIMITATIONS

22.     In the event the defendant's pleas of guilty are withdrawn, or convictions vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to

this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any other criminal offense involving or related to the defendant's production, receipt, and possession of child pornography and enticement of a minor, which are not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty pleas or vacating of the convictions becomes final.

## V. GOVERNMENT RIGHTS AND RESERVATIONS

23. The defendant understands that the government has reserved the right to:

   a. provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

   b. respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

   c. advocate for a specific sentence consistent with the terms of this agreement including the amount of a fine and the method of payment;

   d. modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor; and

   e. oppose any application for a downward departure and/or sentence outside the Guidelines range made by the defendant.

24. At sentencing, the government will move to dismiss the criminal complaint pending against the defendant under 16-M-1014.

25. The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

## VI. APPEAL RIGHTS

26. The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 19, above, notwithstanding the manner in which the Court determines the sentence. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

27. The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

28. The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 19, above, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VII. COMPUTER FORFEITURE

29. The defendant specifically acknowledges that in furtherance of the defendant's criminal conduct the defendant utilized computer equipment and other electronic media, which were seized by law enforcement officials based upon the execution of a search warrant, including but not limited to the following:

   a. One (1) Apple Macbook Pro, bearing serial no: C02H23HVDV14;

   b. One (1) Apple iPhone cellular phone, Model: A1533, IMEI: 013790006651898; and

   c. One (1) Apple iPad tablet, Model: A1489, bearing serial no: DLXLR2PEFH12.

30. Since the computer and related media were instrumentalities of the crime, the defendant specifically agrees to the forfeiture or abandonment of the computer and all of the components and related media to the United States pursuant to Title 18, United States Code, Sections 2253(a)(1) and (a)(3), and will be referenced in the <u>PRELIMINARY ORDER OF FORFEITURE</u> and the defendant waives any rights or interest in those items which the defendant may still possess or for which the defendant may have any claim.

31.     The defendant understands that the United States and any law enforcement agency acting on behalf of the United States may, in its discretion, destroy any or all of the property referred to in this agreement.

32.     The defendant knowingly, intelligently, and voluntarily waives his right to a jury trial on the forfeiture of the assets. Defendant knowingly, intelligently, and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets in any proceeding, including any jeopardy defense or claim of double jeopardy, whether constitutional or statutory, as to this criminal proceeding or any related civil or administrative proceeding. Defendant further agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine regarding the forfeiture of assets by the United States.

33.     The defendant agrees that forfeiture of the aforementioned properties as authorized herein shall not be deemed an alteration of the defendant's sentence. Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, cost of imprisonment, or any other penalty this court may impose upon the defendant in addition to forfeiture.

34.     The defendant further agrees to waive any time restrictions or requirements as provided in Title 18, United States Code, Section 983, any notice provisions in Rules 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant acknowledges that the defendant understands that the forfeiture of assets is part of the

sentence that may be imposed in this case and waives any failure by the Court to advise the defendant of this, pursuant to Rule 11(b)(1)(J), at the time the guilty plea is accepted.

35. The defendant freely, voluntarily, knowingly, and intelligently waives any right to appeal or collaterally attack any matter in connection with the forfeiture of assets as provided in this agreement.

## VIII. TOTAL AGREEMENT AND AFFIRMATIONS

36. This plea agreement represents the total agreement between the defendant, JOSEPH LOMBARDO, and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

JAMES P. KENNEDY, JR.
Acting United States Attorney
Western District of New York

BY: _____
AARON J. MANGO
Assistant U.S. Attorney

Dated: November 29, 2016

I have read this agreement, which consists of 16 pages. I have had a full opportunity to discuss this agreement with my attorney, Joel L. Daniels, Esq. I agree that it represents the total agreement reached between myself and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

| | |
|---|---|
| JOSEPH LOMBARDO<br>Defendant<br><br>Dated: November 29, 2016 | JOEL L. DANIELS, ESQ.<br>Attorney for Defendant<br><br>Dated: November 29, 2016 |